[Civ. No. 2072. Fifth Dist. Nov. 9, 1973.]

SHELBY J. CASH et al., Petitioners, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Shelby Jay Cash, in pro. per., Melvin W. Nitz, Public Defender, Edward Sarkisian, Jr., Deputy Public Defender, and William A. Smith for Petitioners.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Charles P. Just and Roger E. Venturi, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**FRANSON, J.**—Petitioners seek a writ of prohibition or alternative writ of mandate. For the reasons expressed we hold that the writ of prohibition must issue to stop further proceedings on the information filed herein be-

cause petitioners have not been legally committed by a magistrate. (Pen. Code, §§ 995, 999a.)

The question is whether the superior court has *appellate jurisdiction* to hear an appeal from an order of a magistrate dismissing a felony complaint following the granting of a 1538.5 motion to suppress evidence. We hold that it does not.[1]

The procedural chronology which has given rise to the issue here presented is as follows:

A felony complaint was filed in the municipal court charging petitioners with one count of armed robbery, one count of burglary and two counts of receiving stolen property.

A preliminary examination was conducted before a magistrate who granted petitioners' motion to suppress and ordered a dismissal of the action in the interests of justice.

Purporting to act under the authority of Penal Code section 1466, subdivision (1)(a),[2] the People filed a notice of appeal from the magistrate's order of dismissal to the appellate department of the superior court. The appellate department reversed the magistrate's order suppressing the evidence and remanded the case for further proceedings.

Thereafter a preliminary examination on the same complaint was conducted before another magistrate; by stipulation it was agreed that the transcript of the first preliminary hearing would be submitted as the evidence at the second hearing. On the basis of the ruling of the appellate department, the magistrate held petitioners to answer for the charges alleged in the complaint.

Petitioners moved to set aside the information under Penal Code section 995 and to suppress the evidence under Penal Code section 1538.5, subdivision (i). Both motions were denied and petitioners timely filed with this court their petition for extraordinary relief.

---

[1]As a consequence the order of the appellate department of the superior court in the instant case is void and may not be used to support the magistrate's order holding petitioners to answer. (See *Roberts* v. *Roberts,* 241 Cal.App.2d 93, 98-99 [50 Cal. Rptr. 408].) The People's remedy is to file another complaint or seek an indictment. (Pen. Code, §§ 999; 1387; 1538.5, subd. (j).)

[2]Penal Code section 1466, subdivision (1)(a) provides that an appeal may be taken by the People from a judgment or order of an inferior court, in a criminal case, to the superior court "from an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy."

## DISCUSSION

We first observe that the appellate jurisdiction of the superior court is wholly statutory, and no judgment or order of an inferior court is appealable thereto unless expressly so declared. (Const., art. VI, § 11; *People* v. *Valenti,* 49 Cal.2d 199, 204 [316 P.2d 633].)

Penal Code section 1538.5 establishes an exclusive and comprehensive procedure for the pretrial determination and review of the admissibility of evidence obtained by search and seizure. (Pen. Code, § 1538.5, subd. (m).) Subdivision (j)[3] states that if a defendant's motion to suppress is granted at a preliminary hearing in a felony case and the defendant is not held to answer, "the People may file a new complaint or seek an indictment after the preliminary hearing, and the ruling at the prior hearing shall not be binding in any subsequent proceeding. . . ." This provision is consistent with the long-established rule that a dismissal of a felony complaint is not a bar to another prosecution for the same offense. (Pen. Code, § 1387; *People* v. *Combes,* 56 Cal.2d 135, 145 [14 Cal.Rptr. 4, 363 P.2d 4]; *People* v. *Uhlemann,* 9 Cal.3d 662, 666 [108 Cal.Rptr. 657, 511 P.2d 609].)

It is important to note that by its terms the statute does not give the People the right to appeal a magistrate's order suppressing evidence; this is to be contrasted with the right of either party to appeal in *misdemeanor cases* if the defendant makes a motion for the return of the property or the suppression of evidence in the municipal or justice court prior to trial. (Pen. Code, § 1538.5, subd. (j).) The latter provision is in keeping with the policy of reviewing misdemeanor cases at the superior court level. (Const., art. VI, § 11; Pen. Code, § 1466; See *Monica Theater* v. *Municipal Court,* 9 Cal.App.3d 1, 12 [88 Cal.Rptr. 71].)

We believe there are sound reasons why the Legislature did not give the

---

[3]Penal Code section 1538.5, subdivision (j), reads, in relevant part: "If the property or evidence relates to a felony offense initiated by complaint and the defendant's motion for the return of the property or suppression of the evidence at the preliminary hearing is granted, and if the defendant is not held to answer at the preliminary hearing, the People may file a new complaint or seek an indictment after the preliminary hearing, and the ruling at the prior hearing shall not be binding in any subsequent proceeding . . . . If the property or evidence seized relates solely to a misdemeanor complaint, and the defendant made a motion for the return of property or the suppression of evidence in the municipal court or justice court prior to trial, both the People and defendant shall have the right to appeal any decision of that court relating to that motion to the superior court of the county in which such inferior court is located, in accordance with the California Rules of Court provisions governing appeals from municipal and justice courts in criminal cases."

People the right to appeal a magistrate's order suppressing evidence even though it results in the defendant not being held to answer.

A preliminary hearing before a magistrate is not a trial in the sense that an adjudication is made as to the guilt or innocence of the defendant; it is a pretrial hearing to establish probable cause for filing an accusatory pleading in the superior court. As a consequence the doctrines of jeopardy, res judicata and collateral estoppel are inapplicable to future prosecutions for the same criminal acts. (*People* v. *Uhlemann, supra,* 9 Cal.3d 662, 664.)

Inasmuch as the People may file another complaint or seek an indictment, appellate review is unneeded to protect the public interest; indeed, the prosecution has not been prejudiced by the magistrate's ruling.[4]

Giving the superior court appellate jurisdiction over a magistrate's ruling on a suppression motion would promote meaningless appeals. To illustrate, if the appellate department should affirm the magistrate's suppression order the People nonetheless have the statutory right to refile or seek an indictment, thus, in effect, nullifying the decision of the appellate department. On the other hand, if the appellate department reverses the magistrate's order, and the defendant is held to answer, as in the case at bench, he is entitled to renew his motion at a special hearing in the superior court. (Pen. Code, § 1538.5, subd. (i).)[5] If such a motion is made the decision of the appellate department again has effectively been annulled due to the fact that the defendant has a right to litigate the validity of the search and seizure de novo (an independent weighing of the credibility of witnesses and drawing of inferences) on the basis of evidence presented at the special hearing; neither the parties nor the judge are bound by the prior appellate decision.

---

[4]Our conclusion is consistent with the long-established legislative policy that, except in very limited circumstances, the People have no right to appeal in criminal cases. (See *People* v. *Superior Court,* 137 Cal.App.2d 194, 196 [289 P.2d 813]; Witkin, Cal. Criminal Procedure (1963) § 667, p. 654.) Under California felony procedure only when the *superior court* has terminated the action or otherwise adversely adjudicated the substantial rights of the People can a review be obtained in the Court of Appeal. (See Pen. Code, §§ 1238, 1538.5, subds. (l) and (o).)

[5]The defendant may also test the validity of the search and seizure by moving to set aside the information under Penal Code section 995 if he is willing to have the issue determined by the judge on the basis of the transcript of the preliminary hearing as a matter of law without an independent weighing of the evidence. (See *People* v. *Superior Court,* 276 Cal.App.2d 581, 585 [81 Cal.Rptr. 42].) If the court grants the motion and thereafter dismisses the information the People may appeal from that order under Penal Code section 1238, subdivision (1). (*People* v. *Superior Court, supra,* at p. 585.)

If the defendant is successful in his motion in the superior court the People have a right to seek appellate review by extraordinary writ under Penal Code section 1538.5, subdivision (o), or, if the action is dismissed, by appeal under Penal Code section 1238, subdivision (7). In the absence of express statutory authority, we believe the Legislature did not intend to twice give the People the benefit of appellate review of a pretrial motion in the same case. We think the Legislature recognized that piecemeal disposition and multiple appeals in a single action would be wasteful of judicial time as well as costly and oppressive to a defendant.

A right to appeal from a magistrate's suppression order also would result in conflicting decisions by judges and departments of the superior court. As previously noted, the judge who hears the suppression motion at a special hearing would not be bound by the prior decision of the appellate department; he is required to independently weigh the evidence and make his own judgment as to whether the evidence should be suppressed, and he could well decide the case contrary to the appellate department. We doubt that the Legislature would sanction a review procedure which would permit opposing decisions on the same issue in a case by judges of the same court.

Real party in interest contends that the People may appeal from the order of dismissal under Penal Code section 1466, subdivision (1)(a).[6]

Section 1466 is part of chapter 2, title 11 of the Penal Code and is headed, "Appeals From Inferior Courts." This statute long predates 1538.5 and while we are not required to answer the precise question we believe it was intended to authorize appeals to the superior court in criminal actions in *misdemeanor cases* only.[7]

In any event, section 1466 cannot be considered as authority for appeals from suppression orders other than in misdemeanor cases (see § 1538.5, subd. (j); *Adams* v. *Superior Court*, 8 Cal.App.3d 569 [87 Cal.Rptr. 667]), and it should not be construed as authorizing an appeal from a magistrate's

---

[6]See footnote 2, *supra*.

[7]There is authority for the proposition that orders of dismissal entered by a magistrate in felony cases generally are not appealable. (See *People* v. *Joseph,* 153 Cal. App.2d 548, 551 [314 P.2d 1004]; see also Graham & Letwin, *The Preliminary Hearing in Los Angeles: Some Field Findings and Legal-Policy Observations, Part I,* 18 U.C.L.A. L.Rev. 635, 731, and fn. 327.) However, there is dicta in *People* v. *Uhlemann, supra,* 9 Cal.3d 662, 668 and 670, suggesting that the People may have a right to appeal the magistrate's dismissal of a felony case under Penal Code section 1466, subdivision (1)(a). *People* v. *Lopez,* 265 Cal.App.2d Supp. 980 [71 Cal.Rptr. 667] is cited as authority for this proposition but in *Lopez* the appellate department of the superior court merely assumed that it had jurisdiction to hear the appeal. *Uhlemann* did not involve a suppression motion.

dismissal of a felony complaint following the granting of a motion to suppress. Absent other evidence upon which a defendant can be held to answer the dismissal is a ministerial act flowing from the order suppressing the evidence and adds nothing insofar as adjudicating the rights of the People; to allow the People to utilize the dismissal as a means of reviewing the suppression order would thwart the clear legislative purpose expressed in section 1538.5 and would exalt form over substance by permitting them to do indirectly what they may not do directly.

Real party argues that subdivision (d) of section 1538.5[8] evidences a legislative intent to allow such an appeal. We construe this provision, however, as merely describing the effect of a suppression order absent further proceedings by way of appeal; it does not itself authorize an appeal from the magistrate's ruling.

Let a peremptory writ of prohibition issue commanding respondent to set aside the information in the within action.

Brown (G. A.), P. J., and Gargano, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied January 3, 1974.

---

[8]Section 1538.5, subdivision (d), entitled, "Effect of Granting Motion" provides: "If a search or seizure motion is granted pursuant to the proceedings authorized by this section, the property or evidence shall not be admissible against the movant at any trial or other hearing unless further proceedings authorized by this section or section 1238 or section 1466 are utilized by the People."