[Civ. No. 45796. Second Dist., Div. Four. June 20, 1975.]

FRANK RALPH MACIAS, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE VENTURA COUNTY
JUDICIAL DISTRICT OF VENTURA COUNTY,
Defendant and Appellant.

## COUNSEL

Evelle J. Younger, Attorney General, C. Stanley Trom, District Attorney, and J. Philip Eves, Deputy District Attorney, for Defendant and Appellant.

Robert B. Maxwell and William A. Reppy, Sr., for Plaintiff and Respondent.

## OPINION

**DUNN, J.**—Defendant was charged by complaint filed in the municipal court with a misdemeanor, i.e.: violation of Health and Safety Code section 11550 and Vehicle Code section 23105,[1] occurring on 21 August 74 in El Rio, an unincorporated area of Ventura County. Defendant made a motion to suppress evidence which motion was heard and denied in the municipal court on 30 October 74. Thereafter, defendant petitioned the Ventura County Superior Court for a writ of mandate which would require the municipal court to reverse its order and direct: (1) that certain named deputy sheriffs return to defendant pictures apparently taken of his left hand and right arm, and (2) prohibit the same deputies from testifying against petitioner regarding any statements he made to them or regarding any observations they made of the

---

[1]Health and Safety Code section 11550 reads, in pertinent part: "No person shall use, or be under the influence of any controlled substance . . . . Any person convicted of violating any provision of this section is guilty of a misdemeanor . . . ."

Vehicle Code section 23105 reads, in pertinent part: "(a) It is unlawful for any person who is under the influence of any drug to drive a vehicle upon any highway. . . . (c) It is unlawful for any person who is addicted to the use of any drug, except such a person who is participating in a methadone maintenance treatment program . . . to drive a vehicle upon any highway." Violation of this section is a misdemeanor. (Veh. Code, § 40000.15.)

defendant. The superior court issued a peremptory writ to the municipal court, requiring it to order the return to defendant of the pictures, and further requiring it to order the suppression of any statements made by defendant and any testimony by the deputy sheriffs.

We do not reach the merits of the matter and, therefore, do not discuss the evidence. Penal Code section 1538.5, subdivision (j), gives to both a defendant and the People a right of appeal from an adverse ruling by the municipal court on a motion to suppress evidence in a misdemeanor case; this contrasts with procedure provided in felony cases. It will be recalled that, here, defendant petitioned the superior court for mandate after the ruling in the municipal court; the superior court granted the writ and the People have appealed to us. The People made no objection based upon procedure to defendant's petition and thus might be held to have acquiesced in the procedure. In *Monica Theater* v. *Municipal Court,* (1970) 9 Cal.App.3d 1, 11-12 [88 Cal.Rptr. 71], the appellate court reluctantly entertained a writ of mandate under similar circumstances, but we do not do so here. Indeed, in *Monica, supra,* 9 Cal.App.3d at page 12, the court stated its own doubts of the procedure's propriety, stating: "It is questionable whether this should have been permitted. . . . we do not endorse this avenue of review [use of a writ]." ■ We conclude the superior court lacked jurisdiction in this case to entertain the petition for a writ (see: *Cash* v. *Superior Court (People)* (1973) 35 Cal.App.3d 226 [110 Cal.Rptr. 612]).

As previously noted herein, Penal Code section 1538.5, subdivision (j), gives, both to the People and to a defendant, the right to appeal from an adverse ruling made prior to the trial of a misdemeanor case. Penal Code section 1538.5, subdivision (m), states, in part, that the remedy provided in the section is the exclusive remedy prior to conviction. After conviction, a defendant may "seek further review of the validity of a search or seizure on appeal." There has, as yet, been no trial on the merits and the propriety of the municipal court's admission of the evidence could be raised by defendant on an appeal after his conviction, if any. We conclude an appeal by defendant from the adverse ruling on his motion to suppress evidence was the only method permitted to be pursued at that time.

We reverse the judgment of the superior court granting a "Presump-

tive [*sic*] Writ of Mandate" and direct it to dismiss defendant's petition for a writ of mandate filed therein.

Kingsley, Acting P. J., and Cole (J. L.), J.,* concurred.

A petition for a rehearing was denied July 8, 1975, and respondent's petition for a hearing by the Supreme Court was denied August 13, 1975. Clark, J., did not participate therein.

---

*Assigned by the Chairman of the Judicial Council.