[Crim. No. 37794. Second Dist., Div. One. Aug. 8, 1980.]

In re BRADLEY JAMES GEER on Habeas Corpus.

COUNSEL

Lawrence H. Eisenberg for Petitioner.

John H. Van de Kamp, District Attorney, Donald J. Kaplan and Richard W. Gerry, Deputy District Attorneys, for Respondent.

**OPINION**

**LILLIE, J.**—Defendant, charged by way of complaint with possession of cocaine, a felony, filed petition for writ of habeas corpus and for other appropriate extraordinary relief seeking review of an order of the magistrate transferring the case (prior to preliminary hearing) to the superior court for hearing on his demurrer to the felony complaint. On order to show cause we have limited the legal issue to one of jurisdiction to rule on the demurrer.

On September 15, 1979, petitioner was arrested for possession of cocaine, a felony, and for possession of less than one ounce of marijuana, a misdemeanor. He entered a plea of guilty[1] to the misdemeanor charge, and six days later a felony complaint charging petitioner with possession of cocaine was filed. Following a preliminary hearing, petitioner's motion to dismiss was granted and he was discharged on the ground that he "has been subjected to two prosecutions."

Seven days thereafter, the People refiled the felony complaint. Before plea petitioner filed a demurrer to the complaint on the ground that his conviction of the misdemeanor barred his subsequent prosecution for the felony which arose out of the same act or course of conduct. Subsequently (May 6), and over objection of both parties, on his own motion and on reliance on *People* v. *Columbia Research Corp.* (1980) 103 Cal.App.3d Supp. 33 [163 Cal.Rptr. 455], the magistrate transferred the cause to the superior court for further proceedings on the demurrer.

■ Petitioner seeks a writ prohibiting the superior court from acting in the matter, and commanding the municipal court to vacate its order transferring the cause and to make an order sustaining the demurrer and dismissing the complaint.[2]

In *People* v. *Columbia Research Corp.* (1980) 103 Cal.App.3d Supp. 33 [163 Cal.Rptr. 455] the appellate department of the superior court

---

[1]Judgment entered thereon has since become final.

[2]Petitioner also seeks a writ of habeas corpus directed to the municipal court and the superior court commanding them and each of them to produce him before this court for hearing on his petition. He alleges that he "is not in actual custody, being free on his own recognizance" thus he is free to attend the hearing on this petition if he so desires, but his attendance is not necessary to confer jurisdiction on this court. (See *In re Pearlmutter* (1976) 56 Cal.App.3d 335, 337 [128 Cal.Rptr. 450].)

dismissed the People's appeal from judgment of dismissal entered upon a magistrate's ruling sustaining demurrer to a felony complaint on the ground the judgment is nonappealable because a magistrate is not an "inferior court" within the meaning of section 1466, Penal Code which defines appellate department jurisdiction. Nevertheless, the appellate department proceeded to discuss the power of a magistrate to rule on a demurrer to a felony complaint. After deciding that, although a defendant has the right to demur at the time of arraignment and plea before a magistrate, neither the municipal court nor the superior court has jurisdiction to hear the demurrer, the court "decided that the best solution would be a municipal court judge, when confronted with a demurrer to a felony complaint, to refer it to the superior court master calendar judge for assignment to a superior court department." (103 Cal.App.3d Supp. at p. 39.) We are unable to accept this procedure chosen by the appellate department[3] because its rationale simply does not support a reference to the superior court; it fails to explain how jurisdiction is conferred on the superior court prior to the filing of an information having already conceded that the superior court does not have jurisdiction in preliminary proceedings on a felony complaint. We do, however, agree with the appellate department that "it would be contrary to Penal Code section 1003 and notions of fairness to require an accused to endure the effort, time and expense of a preliminary hearing before the accused could challenge the legal sufficiency of the complaint against him." (103 Cal.App.3d Supp. at p. 39.) For the following reasons we conclude in the instant case that the magistrate erred in transferring the demurrer to the felony complaint to the superior court for a ruling thereon.

*Columbia Research Corp.* correctly states that the superior court is without jurisdiction to hear a demurrer to a felony complaint. (P. 39.) The jurisdiction of the superior court does not attach until the accused has been held to answer by the magistrate and an information has been filed.[4] No trial jurisdiction of any court is invoked by the filing of a fel-

---

[3]We do not consider *Columbia Research Corp.* as controlling precedent here. (*San Diego White Truck Co.* v. *Swift* (1979) 96 Cal.App.3d 88, 91 [157 Cal.Rptr. 745]; *Cotton* v. *Municipal Court* (1976) 59 Cal.App.3d 601, 604-605 [130 Cal.Rptr. 876].)

[4]Also a superior court judge sitting as a magistrate does not possess any other or greater powers than those possessed by any officer exercising the functions of a magistrate whose duties are those defined by statute. (§ 808, Pen. Code; *People* v. *Cohen* (1897) 118 Cal. 74, 78 [50 P. 20]; *People* v. *Crespi* (1896) 115 Cal. 50, 54 [46 P. 863]; *People* v. *Hawkins* (1978) 85 Cal.App.3d 960, 966 [149 Cal.Rptr. 855]; *People* v. *Belknap* (1974) 41 Cal.App.3d 1019, 1026 [116 Cal.Rptr. 664]; *People* v. *Randall* (1973) 35 Cal.App.3d 972, 975 [111 Cal.Rptr. 590].)

ony complaint with the magistrate. (*Stanley* v. *Justice Court* (1976) 55 Cal.App.3d 244, 248-249 [127 Cal.Rptr. 532]; *Koski* v. *James* (1975) 47 Cal.App.3d 349, 354 [120 Cal.Rptr. 754]; *Wells* v. *Justice Court* (1960) 181 Cal.App.2d 221, 224 [5 Cal.Rptr. 204].) Moreover, the Legislature has specifically limited the procedure for hearing a demurrer by the superior court to demurrers to indictments or informations (§ 1007, Pen. Code).

Nor does the municipal court have jurisdiction to hear and decide a demurrer to a felony complaint, for its jurisdiction is limited by statute to misdemeanors. (§ 1462, Pen. Code.) Initiation of proceedings before the magistrate invokes no "trial jurisdiction" of any court; preliminary proceedings do not invoke the jurisdiction of an inferior court. (*People* v. *Hawkins* (1978) 85 Cal.App.3d 960, 966 [149 Cal.Rptr. 855]; *Stanley* v. *Justice Court* (1976) 55 Cal.App.3d 224, 248 [127 Cal.Rptr. 532]; *Wells* v. *Justice Court* (1960) 181 Cal.App.2d 221, 224 [5 Cal. Rptr. 204].) Thus, we reject petitioner's contention on oral argument that when a demurrer is interposed to a felony complaint it is the magistrate sitting as a municipal court who rules on it. Judges of the municipal court acting in the capacity of magistrates do not have the jurisdiction and powers pertaining to their judicial offices. (*People* v. *Crespi* (1896) 115 Cal. 50, 54 [46 P. 863].)

A defendant charged in a felony complaint has the statutory right to demur thereto (§ 1002, Pen. Code) at the time of arraignment (§ 1003, Pen. Code) prior to the entry of a plea (§ 1004, Pen. Code) before the magistrate. Section 1004 provides that "The defendant may demur to the *accusatory pleading* at any time prior to the entry of a plea, . . ." (italics added) and sets up five grounds therefor. Section 691, subdivision 4, Penal Code defines "accusatory pleading" to include: "a complaint filed with a magistrate charging a public offense of which the superior court has original trial jurisdiction . . . ." Too, the right of a defendant to demur to a felony complaint has been judicially recognized. (*People* v. *Columbia Research Corp.* (1980) 103 Cal.App.3d Supp. 33, 39 [163 Cal.Rptr. 455]; see also *People* v. *Barksdale* (1972) 8 Cal.3d 320, 325 [105 Cal.Rptr. 1, 503 P.2d 257] [on certification by appellate department to which People appealed from order of dismissal entered by magistrate on ruling sustaining demurrer to felony complaint; Supreme Court accepted the cause without comment deciding the case on its merits].)

Because the Legislature has not expressly stated who shall hear and rule on the demurrer, the People would have us simply deprive a defendant of his right to demur to a felony complaint by ordering the within proceedings returned to the magistrate to proceed without ruling on the demurrer. Petitioner would have this court hear and decide the demurrer and return the cause to the magistrate ordering him to issue an order sustaining the demurrer and dismissing the complaint. The position of the People avoids coming to grips with the unfairness of compelling a defendant who has a legitimate demurrable claim to wait until he has had a preliminary hearing, the magistrate has held him to answer and an information has been filed before pursuing it. The position of petitioner places on a defendant the burden of seeking relief by way of writ, a procedure not only time-consuming and costly to the defendant but one that sanctions delay and unnecessary restraint on the defendant's liberty pending a ruling thereon, and creates an unjustified addition to the judicial case load of already overburdened superior and appellate courts.

Statutory interpretation, judicial precedent, traditional concepts of due process and fair play, and judicial economy compel our conclusion that the magistrate, who has the power to entertain a felony complaint, arraign a defendant thereon, appoint counsel if necessary, take defendant's plea, hold a preliminary hearing and either hold him to answer or discharge defendant (Cal. Const., art. I, § 14; Pen. Code, § 859 et seq.), is also empowered as an integral part of that preliminary process to hear and rule on a demurrer to a felony complaint and, if the demurrer is sustained and the defect cannot be corrected, has the inherent power to dismiss the complaint.

A common sense interpretation[5] of the statutory framework for the handling of felony complaints before a magistrate convinces us that it was not the intent of the Legislature that a defendant have the right of demurrer as early as the arraignment but not the right to have it heard and decided by the magistrate. The People's argument that the use of the term "court" in section 1007, Penal Code providing that "Upon considering the demurrer, the court must make an order either overruling or sustaining it." excludes magistrate and that section 1007 limits orders on demurrers solely to municipal and superior courts, is hardly

---

[5]In interpreting a statute, a practical construction is preferred to one that is technical, and is required where a technical construction would lead to absurdity. (*Stanley* v. *Justice Court* (1976) 55 Cal.App.3d 244, 253 [127 Cal.Rptr. 532].)

persuasive, the legislative recommendations formulated in 1949 by Judge Hartley Shaw[6] notwithstanding, in light of the interchangeable use of "court" and "magistrate" in various other portions of the Penal Code relating to preliminary proceedings (§§ 859, 859a, 868, 1002, 1383, 1388, Pen. Code). Those sections which deal with demurrers (§ 1002 et seq.) use the term "court" in contexts that strongly imply inclusion of proceedings before magistrates.

While jurisdiction and the magistral powers are derived from the Constitution (Cal. Const., art. I, § 14) operating with the acts of the Legislature upon this subject (*People* v. *Crespi* (1896) 115 Cal. 50, 54 [46 P. 863]; *People* v. *Hawkins* (1978) 85 Cal.App.3d 960, 965 [149 Cal.Rptr. 855]), our courts within the framework of the limited role of the magistrate have delineated to him certain adjudicatory functions akin to the functions of a trial judge, for instance, at the preliminary hearing in his determination of "sufficient cause," he weighs the evidence, resolves conflicts and gives or withholds credence to particular witnesses (*Jones* v. *Superior Court* (1971) 4 Cal.3d 660, 667 [94 Cal. Rptr. 289, 483 P.2d 1241]) although he cannot decide the guilt or innocence of a defendant (*People* v. *Uhlemann* (1973) 9 Cal.3d 662, 667 [108 Cal.Rptr. 657, 511 P.2d 609]). See also *Esteybar* v. *Municipal Court* (1971) 5 Cal.3d 119, 126-127 [95 Cal.Rptr. 524, 485 P.2d 1140] in which the court held that in determining the existence of "sufficient cause" a magistrate exercises judicial discretion and performs judicial functions.

The California Constitution (art. I, § 14) and the Legislature have detailed the preliminary process of the felony complaint. Among other things it provides for the filing of the felony complaint with the magistrate (§ 806, Pen. Code) and the appearance of defendant before the magistrate who delivers to him a copy of the complaint, informs him of his right to counsel and assigns counsel to defend him if he is indigent

---

[6]The People rely on the 1949 commentary of Judge Hartley Shaw for the conclusion that "court" used therein means only "tribunal with trial jurisdiction" thereby excluding magistrate and when the "demurrer" sections (1004, 1005, 1007-1012, Pen. Code), which were amended by the Legislature in 1951 based on Judge Shaw's report, refer to the word "court," "tribunal with trial jurisdiction" was intended. Thus, argue the People, from the language in section 1007, it follows that the Legislature did not intend the magistrate to have the power to rule on a demurrer to a felony complaint. But Judge Shaw's report and recommendations provided no express definition of "court"; and for the other reasons set forth in Justice Mosk's dissenting opinion in *People* v. *Peters* (1978) 21 Cal.3d 749 at page 754, we too deem the conclusion of the People based on Judge Shaw's recommendations to be questionable. Moreover, nothing in section 1007 supports the conclusion that the Legislature intended it to completely cover an order to be made in ruling upon a demurrer.

(§ 859, Pen. Code), reads the complaint to defendant and takes his plea (§ 859a), sets a time for the preliminary examination (if he pleads not guilty (§ 859b, Pen. Code)), conducts the preliminary hearing and holds him to answer (§ 872, Pen. Code) or discharges him (§ 871, Pen. Code). At the time of arraignment before entry of plea the defendant has the right to demur to the felony complaint (§ 1002 et seq., Pen. Code). Obviously, the demurrer must be heard and ruled on before a plea can be entered. Thus in the context of this preliminary process the only expeditious, practical and fair way to dispose of the demurrer is for the magistrate to hear and decide it as part of that preliminary process. In the absence of an express legislative provision to the contrary, it appears to us that within this framework the Legislature intended that the magistrate hear and decide any demurrer interposed to a felony complaint.

Assuming that indeed a defendant has a right to demur to a felony complaint and the magistrate has authority to hear and rule thereon, both parties appear to take the position, based on a technical formalistic interpretation of section 1007,[7] that in any case the magistrate can only overrule a demurrer because no statutory provision is made for an order sustaining a demurrer and dismissing the complaint if the defect cannot be remedied. We perceive no problem because the power to hear carries with it the power to decide and make the necessary order to dispose of the matter.

At this point we are confronted with *People v. Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646] which, we are told by both parties, precludes a dismissal of the complaint by the magistrate if he sustains a demurrer. *Peters* held, based solely upon the recommendations of Judge Hartley Shaw to the Legislature before the 1951 amendments to certain sections of the Penal Code, and without consideration of judicial precedent (which refutes any purported distinction between the terms "court" and "magistrate") collected in the dissenting opinion of Mosk, J., at pages 756-758, that section 1385 providing for dismissal by "the court" "in the furtherance of justice," authorizes dismissals by trial courts only, not magistrates (p. 753). Under the "compulsion of *Peters*" the Supreme Court decided *People v. Levins* (1978) 22 Cal.3d 620, 624

---

[7]Section 1007, Penal Code in pertinent part provides: "Upon considering the demurrer, the court must make an order either overruling or sustaining it. If the demurrer is overruled, the court must permit the defendant, at his election, to plead, which he must do forthwith, unless the court extends the time."

[150 Cal.Rptr. 458, 586 P.2d 939]. However, the magistrate does not invoke section 1385, Penal Code when he dismisses a felony complaint upon sustaining a demurrer thereto. Section 1385, Penal Code excepts as a cause for dismissal thereunder "any cause which would be ground of demurrer to the accusatory pleading." This strongly implies that a dismissal of a felony complaint as the result of an order sustaining demurrer is recognized by the Legislature. Moreover, viewing the preliminary process in its totality which invokes the jurisdiction and power of the magistrate we think it clear that implicit in this procedure that permits a defendant to demur to a felony complaint is the authority of the magistrate to hear and decide it and that inherent in the power of the magistrate is the power to dismiss the complaint upon sustaining the demurrer as suggested in *Bates* v. *Superior Court* (1951) 107 Cal.App.2d 656, 658 [237 P.2d 544]. In *Bates* the court said: "Whether or not a dismissal may be authorized by a committing magistrate under section 1099 of the Penal Code, as it then read, may be open to question. [Citations.] Nevertheless, the committing magistrate, upon motion of the prosecuting attorney, had an inherent right and power to dismiss any such complaint. (*People* v. *Ward*, 85 Cal. 585 [24 P. 785]; 22 C.J.S. p. 467, § 316; 8 Cal.Jur. 664, § 630.)" (P. 658.) Further, it is our view that dismissal of a felony complaint is but a ministerial act flowing from an order sustaining a demurrer. (Cf. *Cash* v. *Superior Court* (1973) 35 Cal.App.3d 226, 232 [110 Cal.Rptr. 612].)

Of concern to us is the matter of appellate review of a judgment for the defendant entered by the magistrate on order sustaining demurrer to a felony complaint. It is unclear that the People have a right of review by way of writ (see *People* v. *Hawkins* (1978) 85 Cal.App.3d 960, 967-968 [149 Cal.Rptr. 855]; *People* v. *Belknap* (1974) 41 Cal.App.3d 1019, 1028-1029 [116 Cal.Rptr. 664]) and although it is apparent in other cases of dismissal that the People may refile the felony complaint or seek an indictment (*People* v. *Uhlemann* (1973) 9 Cal.3d 662, 664 [108 Cal.Rptr. 657, 511 P.2d 609]; *People* v. *Belknap, supra*, 41 Cal. App.3d 1019, 1033; *People* v. *Randall* (1973) 35 Cal.App.3d 972, 977 [111 Cal.Rptr. 590]; *Cash* v. *Superior Court, supra*, 35 Cal.App.3d 226, 228, fn. 1; but see *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206]), we direct our inquiry to the use of direct appeal to test the ruling of the magistrate. In point is *People* v. *Columbia Research Corp.* (1980) 103 Cal.App.3d Supp. 33, 37 [163 Cal.Rptr. 455], in which the appellate department dismissed a People's appeal from such judgment on the ground of lack of jurisdiction be-

cause a magistrate is not an "inferior court" within the meaning of section 1466, Penal Code, citing *People* v. *Belknap, supra*, 41 Cal.App. 3d 1019 and *People* v. *Randall, supra*, 35 Cal.App.3d 972.

Both *Belknap* and *Randall* involved a magistrate's dismissal of a complaint on preliminary hearing after suppression of evidence upon which the felony complaint is based. But the rationale of those cases reviewing granting of a 1538.5 motion fails to support a similar holding in the case of a demurrer although we note that *Columbia Research Corp.* saw fit to adopt it in what the court considered to be an "analogous" situation (p. Supp. 37) with which we disagree because of the nature of the section 1538.5 procedure discussed in *Cash* v. *Superior Court* (1973) 35 Cal.App.3d 226 [110 Cal.Rptr. 612] upon which *People* v. *Belknap* (1974) 41 Cal.App.3d 1019 [116 Cal.Rptr. 664] is based. *Cash* came before this court on petition for writ of prohibition to set aside an information; directly involved was the superior court's appellate jurisdiction to hear an appeal from an order of a magistrate dismissing a felony complaint following suppression of evidence, and this court held that it has none (p. 228.) It viewed the procedure for pretrial determination and review of admission of evidence established by section 1538.5 as comprehensive and exclusive; found that it does not give the People a right to appeal the magistrate's order suppressing evidence; and would not permit the People to circumvent this by seeking review of such order on appeal under section 1466, Penal Code (p. 232). *Belknap, Randall* and *Cash* involved review of the magistrate's suppression order by way of appeal to the appellate department, and in *Columbia Research Corp.* and *Belknap*, after conceding the appellate department was without jurisdiction to entertain the appeal, proceeded to the merits of the controversy "for the guidance of the parties following the dismissal of the appeal." (41 Cal.App.3d at p. 1029.)

In considering a People's appeal from a magistrate's dismissal entered on a ruling on a demurrer, first we reject *Columbia Research Corp.* for the reasons hereinabove articulated.

Second, the rationale of *Belknap, Randall* and *Cash* does not support such a holding in a case of review of a ruling on demurrer for the strictures of section 1538.5 are not involved. Sustaining a demurrer is a legal ruling made at time of arraignment and prior to plea, not after an evidentiary hearing on preliminary examination, and dismissal based thereon is not made "in furtherance of justice" but is a ministerial act flowing from the order sustaining demurrer.

Third, appellate courts have accepted the People's right to invoke the appellate jurisdiction of the superior court to review a magistral order. *People* v. *Barksdale* (1972) 8 Cal.3d 320 [105 Cal.Rptr. 1, 503 P.2d 257] was before the Supreme Court on certification by the appellate department of the superior court which reversed a magistrate's dismissal of complaint after sustaining demurrer thereto. (p. 325); jurisdiction was assumed without objection or discussion and the Supreme Court proceeded to the merits of the constitutionality of the Therapeutic Abortion Act. *People* v. *Lopez* (1968) 265 Cal.App.2d Supp. 980 [71 Cal.Rptr. 667] was a direct appeal by the People from a magistrate's order dismissing a felony complaint because the evidence showed only commission of a misdemeanor (p. Supp. 981); here too, the court reached the merits of the controversy without objection to or discussion of jurisdiction. (But see *People* v. *Joseph* (1957) 153 Cal.App.2d 548, 551 [314 P.2d 1004] [direct appeal not in issue].) In *People* v. *Uhlemann* (1973) 9 Cal.3d 662 [108 Cal.Rptr. 657, 511 P.2d 609], the magistrate dismissed a complaint after preliminary hearing on his factual finding defendant was innocent; thereafter on an indictment charging the same offense, defendant was tried and convicted; a new trial was granted and dismissal entered on the ground the People were barred by the magistrate's dismissal from initiating additional proceedings; the orders were reversed (p. 669). Commenting that "Since a magistrate need not be a member of the bar to qualify for his position (see Pen. Code, § 808, subd. 5; Gov. Code, § 71601) there is some basis for reluctance to empower him with the authority to terminate forever proceedings against one accused of a criminal offense," the court said: "Even assuming that the People might appeal from an adverse decision by the magistrate,[5] nevertheless the magistrate's factual findings would remain unreviewable for all practical purposes [citation] . . . ." (P. 668.) (Fn. 5 at p. 668 sets up authorities therefor.) In his dissenting opinion Justice Mosk states: "If the prosecution construed the dismissal to be improper on an issue of law, it had the remedy of appeal (Pen. Code, § 1466, subd. 1(a); *People* v. *Lopez* (1968) 265 Cal.App.2d Supp. 980 [71 Cal.Rptr. 667])." (P. 670.)

Fourth, although our courts have interpreted "inferior court" as used in section 1466 Penal Code to exclude "magistrate" (*People* v. *Hawkins*[8] (1978) 85 Cal.App.3d 960, 968 [149 Cal.Rptr. 855]; *People*

---

[8]*Hawkins* relied upon *Belknap* and *Randall*, but the jurisdictional issue there presented as well involved a magistral order reducing the felony charge to a misdemeanor before the preliminary hearing. The court held the magistrate acted in excess of his limited jurisdiction rendering the proceedings void. (Pp. 966-967.)

v. *Belknap* (1974) 41 Cal.App.3d 1019, 1026 [116 Cal.Rptr. 664]; *People* v. *Randall* (1973) 35 Cal.App.3d 972, 974 [111 Cal.Rptr. 590]), and the Supreme Court in *People* v. *Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651] holds that in the context of section 1385 permitting "the court" to dismiss an action "in furtherance of justice," the magistrate is not a "court" when during the preliminary hearing he dismisses an action (p. 753; see also *People* v. *Levins* (1978) 22 Cal.3d 620, 624 [150 Cal.Rptr. 458, 586 P.2d 939]), whether or not the Legislature believed that "inferior court" as used in section 1466, Penal Code included "magistrate" in the case of dismissal based on ruling on a demurrer, related statutes (§§ 859, 859a, 868, 1002 et seq., Pen. Code) and judicial construction (see cases collected in *People* v. *Uhlemann* (1973) 9 Cal.3d 662, 668 [108 Cal.Rptr. 657, 511 P.2d 609] and dis. opn. by Mosk, J. in *People* v. *Peters, supra,* 21 Cal.3d 749, 756-758) have employed "court" and "magistrate" interchangeably.

While we look with favor upon review by direct appeal of a magistral order of dismissal entered on ruling sustaining demurrer to a felony complaint, we invite the Legislature to reexamine the statutory structure of the felony preliminary process before the magistrate and address itself particularly to the jurisdictional problem of appellate review. (Cf. § 1238, subd. (a)(2), Pen. Code.)

Let writ of mandate issue commanding the magistrate to vacate the order of May 6, 1980, transferring the cause to the superior court, and to hear and dispose of the demurrer to the felony complaint.

Jefferson (Bernard), Acting P. J.,* and Hanson (Thaxton), J., concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.