[No. A054690. First Dist., Div. Four. Mar. 6, 1992.]

THE PEOPLE, Plaintiff and Appellant, v.
MICHAEL JAMES HANLEY, Defendant and Respondent.

**Counsel**

Arlo Smith, District Attorney, and Celia E. Rowland, Assistant District Attorney, for Plaintiff and Appellant.

Michael Hallinan, Joseph C. Morehead and John Doyle for Defendant and Respondent.

## OPINION

**ANDERSON, P. J.—** ■■■ The People appeal from the trial court's denial of their motion to reinstate a complaint under Penal Code[1] section 871.5 upon finding it had no jurisdiction to proceed under that statute. We agree there was no jurisdiction in the lower court and, since our jurisdiction derives from the superior court in these instances (Cal. Const., art. VI, § 11), we dismiss the appeal.

## I. PROCEDURAL SUMMARY

In November 1990 the San Francisco County District Attorney filed a complaint against defendant and respondent Michael James Hanley (defendant) alleging violations of Vehicle Code section 23152, subdivisions (a) (driving under the influence of an alcoholic beverage and/or drug), and (b) (driving with .08 percent alcohol in his blood). The complaint further alleged three prior convictions within the last seven years as to each count pursuant to Vehicle Code section 23175.[2]

Defendant moved to strike the Stanislaus County conviction, which had been entered on his nolo contendere plea, on the grounds it was constitutionally invalid. His argument was twofold: (1) the court did not make a finding of guilty, and (2) the record did not disclose any factual basis for such a finding.

The magistrate granted the motion and, with allegations of only two prior convictions remaining, determined the charges were misdemeanors as a matter of law and transferred the cause to a municipal court. The People then moved unsuccessfully for reinstatement under section 871.5.[3]

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] This statute provides that a driving under the influence offense with three priors can be punishable as a felony or misdemeanor. The prosecutor charged the offense as a felony. Presumably the complaint was filed in municipal court for preliminary examination before a magistrate. (See § 959, subd. 5: Accusatory pleading must show that offense is triable in the court in which it is filed, except in case of a complaint filed with magistrate for purposes of a preliminary examination.)

[3] This statute provides in part: "(a) When an action is dismissed by a magistrate pursuant to Section 859b, 861, 871, 1008, 1381, 1381.5, 1385, 1387, or 1389, or a portion thereof is dismissed pursuant to those same sections which may not be charged by information under the provisions of Section 739, the prosecutor may make a motion in the superior court within 15 days to compel the magistrate to reinstate the complaint or a portion thereof . . . . [¶] (b) Notice of the motion shall be made to the defendant and the magistrate. The only ground for the motion shall be that, as a matter of law, the magistrate erroneously dismissed the action or a portion thereof."

## II. Discussion

The Legislature enacted this statute effective January 1, 1981, to provide for superior court review of dismissals of criminal actions by magistrates under certain circumstances set forth in sections 859b, 861, 871 and 1385, as concurrently amended. (Stats. 1980, ch. 938, § 4, p. 2966.) The purpose of these amendments is to overcome the holding of our Supreme Court in *People* v. *Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651][4] which construed the former language of those sections as authorizing "courts" but not "magistrates" to dismiss actions. (*Chism* v. *Superior Court* (1981) 123 Cal.App.3d 1053, 1061 [176 Cal.Rptr. 909].) Empowering magistrates to dismiss required concurrent prosecutorial authority to seek immediate superior court review of such dismissals so that successive dismissals by magistrates would not bar refiling under section 1387 as amended.[5] (*Ibid.*; see Legis. Counsel's Dig., Assem. Bill No. 2383, 4 Stats. 1980 (Reg. Sess.) Summary Dig., p. 283) Section 871.5 was amended in 1982 to encompass additional dismissal statutes. (Stats. 1982, ch. 671, § 1, p. 2740.)

### A. *Not a Section 1385 Dismissal*

The People first try to persuade us that the magistrate struck the prior conviction pursuant to section 1385 and, thus, the action comes within the four corners of section 871.5. They argue there is nothing in the record to indicate under what authority the magistrate struck the prior conviction and, thus, section 1385 is a likely candidate for that power. Not so.

Section 1385 permits dismissal in the furtherance of justice on the judge's or magistrate's own motion or the application of the prosecuting attorney. Here *the defendant* moved for dismissal on constitutional grounds and at the hearing defense counsel identified the proceeding as a "Vehicle Code motion." Vehicle Code section 41403 permits a defendant to challenge the constitutional validity of a conviction under specified Vehicle Code sections, including section 23152, which was entered in a separate proceeding. (Veh. Code, § 41403, subd. (a).) When the separate conviction is based on a guilty or nolo contendere plea, the defendant must provide the court with certain evidence, including the court transcripts. (*Id.*, subd. (b).) In this case defendant attempted to obtain all specified documents, and defense counsel lodged a letter from the Stanislaus County Clerk indicating there was no transcript of the proceedings.

---

[4]Overruled by *Landrum* v. *Superior Court* (1981) 30 Cal.3d 1 [177 Cal.Rptr. 325, 634 P.2d 352].

[5]Subject to exceptions not pertinent to this appeal, section 1387 as amended became a bar to refiling felony complaints on the second dismissal pursuant to sections 1381 et seq., 859b, 861, 871 or 995. (Stats. 1980, ch. 938, § 8, p. 2968.)

We have no doubt that this was a motion pursuant to Vehicle Code section 41403, and that the magistrate, following the procedures set forth therein, dismissed the Stanislaus County conviction pursuant to that statute.

### B. *People* v. *Vlick*

Next, the People call our attention to *Vlick* v. *Superior Court* (1982) 128 Cal.App.3d 992 [180 Cal.Rptr. 742], which involved a dismissal pursuant to section 871 on the date set for preliminary hearing. At that time the prosecutor advised that another magistrate had granted defendants' motion to quash search warrants pursuant to section 1538.5, leaving the People without sufficient evidence to establish probable cause. Defendants framed the issue on appeal as whether the People could avail themselves of section 871.5 to review an adverse ruling under 1538.5.

The court saw the issue more broadly as whether the Legislature intended the People to use section 871.5 for superior court review of a magistrate's erroneous dismissal "arising out of the magistrate's ruling as a matter of law on any motion." (*Vlick* v. *Superior Court, supra,* 128 Cal.App.3d at p. 998.) It held: "[D]ismissal of a complaint by a magistrate based upon a ruling on legal grounds on any motion properly before and decided by the magistrate is subject to review by the superior court on motion by the People on the ground that, 'as a matter of law, the magistrate erroneously dismissed the action,' and that this procedure is consistent with and in furtherance of the stated purpose of [section 871.5] and the intent of the Legislature in enacting it." (*Id.* at p. 999; accord, *People* v. *Salzman* (1982) 131 Cal.App.3d 676, 683 [182 Cal.Rptr. 748] [§ 871.5 motion is the proper procedure where complaint dismissed after preliminary hearing and after defense's § 1538.5 motion granted]; see also *People* v. *Childs* (1991) 226 Cal.App.3d 1397, 1406 [277 Cal.Rptr. 456].)

*Vlick* is not authority for extending section 871.5 to orders striking a prior conviction under Vehicle Code section 41403. In *Vlick,* and presumably in *Salzman,* the statutory authority to dismiss was section 871, one of the provisions enumerated in section 871.5. *Vlick*'s broad language referring to dismissals arising out of a magistrate's decision on any motion properly before him or her goes not to the subdivision (a) enumeration of certain dismissal statutes, but to subdivision (b) which mandates that the motion to reinstate must be on grounds that the magistrate erroneously dismissed the action "as a matter of law." Within section 871.5 itself, there is a distinction between the source of dismissal authority and the particular legal reason for the dismissal.

## C. *Legislative Intent*

The People finally urge that the Legislature intended section 871.5 to serve as a vehicle for reviewing *all* dismissals by magistrates. Their arguments do not persuade us. ■ We begin with the obvious: "Words used in a statute . . . should be given the meaning they bear in ordinary use. [Citations.] If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . ." (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299]; *City of Gilroy* v. *State Bd. of Equalization* (1989) 212 Cal.App.3d 589, 597 [260 Cal.Rptr. 723].) We decline to follow the plain meaning of a statute only when to do so would frustrate the manifest purpose of the legislation as a whole or lead to absurd results. (*People* v. *Belleci* (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473]; *Wells Fargo Bank* v. *Superior Court* (1991) 53 Cal.3d 1082, 1098 [282 Cal.Rptr. 841, 811 P.2d 1025].) Finally, we must remember that " '. . . courts are no more at liberty to add provisions to what is therein declared in definite language than they are to disregard any of its express provisions.' " (53 Cal.3d at p. 1097.)

■ In our view the plain language of 871.5 evidences an intent to permit superior court review of dismissal orders by magistrates when a complaint has been dismissed pursuant to specifically enumerated statutory authority, i.e., sections 859b, 861, 871, 1008, 1381, 1381.5, 1385, 1387 or 1389. Vehicle Code section 41403 does not appear in this listing. Why should we add it? The People argue that certain committee and consent calendar digests indicate that the 1982 proposed amendments to section 871.5 (Sen. Bill No. 1743) add all other statutory grounds for dismissal of a complaint by a magistrate. (See also dicta in *People* v. *Mimms* (1988) 204 Cal.App.3d 471, 478-479, fn. 7 [251 Cal.Rptr. 672]: "In 1982 [section 871.5] was amended to add all other statutory grounds for a dismissal of the complaint by a magistrate, including dismissal of a complaint after sustaining a demurrer under section 1008.")

We do not consider these interim and unofficial digests as persuasive authority on legislative intent. However, we note that the Legislative Counsel's Digest[6] for Senate Bill No. 1743 states simply that the bill "would provide that [section 871.5 motions] apply to dismissals after a demurrer is sustained or because of certain previous dismissals and dismissals for lack of timely prosecution." (Legis. Counsel's Dig., Sen. Bill No. 1743 (1981-1982

---

[6]The Legislative Counsel's Digest appears on the face of the bill as it progresses through the legislative process and takes its final form when the measure is placed on final passage by both houses.

Reg. Sess.), ch. 671.) This official digest summary comports with our view of the express intent of the statute.

The People also argue that since section 871.5 is the only vehicle for reviewing a magistrate's dismissal order,[7] the Legislature must have intended to include *all* statutory dismissal authority within its sweep, including statutes not expressly listed; otherwise, the People would have no right to appeal or otherwise seek review of such an order. We disagree. The People's right to appeal is entirely statutory; a judgment or order is not appealable unless the Legislature expressly makes it so. (*People* v. *Superior Court (Howard)* (1968) 69 Cal.2d 491, 497 [72 Cal.Rptr. 330, 446 P.2d 138]; *People* v. *Drake* (1977) 19 Cal.3d 749, 754 [139 Cal.Rptr. 720, 566 P.2d 622].) The restriction on the People's right to appeal is a substantive limitation on review of trial court determinations in criminal matters. (19 Cal.3d at p. 758.) In our view this same reasoning should apply to determinations by magistrates.

We recognize that the result in this case is somewhat unusual. A Vehicle Code section 23152 conviction with three or more priors in seven years is punishable as a felony or a misdemeanor. Had the prosecutor charged the offense as a misdemeanor, thereby giving the municipal court original jurisdiction over the matter, the order striking the prior conviction would be appealable as an order of an inferior court dismissing or otherwise terminating the action before the defendant has been placed in jeopardy within the meaning of section 1466, subdivision (2). (*People* v. *Davis* (1979) 94 Cal.App.3d 215, 216, 222 [156 Cal.Rptr. 395].) Instead, the People charged the offense as a felony. Thus, we are dealing with a magistrate's order which is outside the purview of section 1466. (See *People* v. *Mimms, supra*, 204 Cal.App.3d at pp. 480-481.) That being the case, the magistrate's order striking the prior is not subject to review by any higher court.

The People correctly point out that driving under the influence with prior convictions did not become a "wobbler" until 1988. Thus, they reason that the Legislature could not have contemplated the possibility that occurred here—namely, that a motion to strike a prior driving under the influence conviction would come before a magistrate on a felony count.

This is true, but the People fail to point out that the 1981 Vehicle Code amendments for the first time added a prior conviction for driving under the

[7]See *People* v. *Mimms, supra*, 204 Cal.App.3d at pages 480-481, reasoning that a magistrate's order is not appealable to the appellate department of superior court under section 1466 because the order is the order by a magistrate, not by an inferior court within the meaning of the statute.

influence and causing bodily injury (Veh. Code, § 23153) to the convictions subject to constitutional attack under the predecessor to Vehicle Code section 41403. (Stats. 1981, ch. 940, § 15, p. 3567.) At the same time, the Legislature added section 23185 to the Vehicle Code which made driving under the influence and causing bodily injuries with a prior conviction within five years for that offense (or a simple driving under the influence offense) punishable as a "wobbler." (Stats. 1981, ch. 940, § 32, p. 3574.) Therefore, contrary to the People's assertion, when the Legislature contemplated amending section 871.5 in 1982 to add additional statutes pursuant to which a magistrate could dismiss criminal charges, the predecessor of Vehicle Code section 41403 was on the books and among the statutes permitting the equivalent of a partial dismissal of an accusatory pleading. We assume that the Legislature has in mind existing laws when it acts to promulgate or amend a statute. (*Bailey* v. *Superior Court* (1977) 19 Cal.3d 970 [140 Cal.Rptr. 669, 568 P.2d 394].) We therefore defer to the Legislature to determine whether, in the future, a magistrate's order striking a prior under Vehicle Code section 41403 should be included within the scope of section 871.5.

The appeal is dismissed.

Poché J., and Reardon, J., concurred.