130 Cal.Rptr.2d 234 (2003)
105 Cal.App.4th 1329
The PEOPLE, Plaintiff and Appellant,
v.
Willis WILLIAMS, Defendant and Respondent.
Nos. G028417, G028422.
Court of Appeal, Fourth District, Division Three.
January 31, 2003.
As Modified on Denial of Rehearing February 27, 2003.
Review Granted May 14, 2003.
*235 Tony Rackauckas, District Attorney, and Brian F. Fitzpatrick, Deputy District Attorney for Plaintiff and Appellant.
Diane L. Nichols, San Diego, under appointment by the Court of Appeal, for Defendant and Respondent.

*236 OPINION
MOORE, J.
A magistrate reduced two "wobbler" felonies to misdemeanors at the conclusion of a preliminary hearing. (Pen.Code, § 17, subd. (b)(5); all further statutory references are to the Penal Code.) The district attorney appeals from the magistrate's order (G028422) and a subsequent order of the superior court denying a section 871.5 motion for reinstatement of the felony complaint (G028417). On our own motion, we consolidated the appeals.
The magistrate's reduction of a felony charge to a misdemeanor, pursuant to section 17, subdivision (b)(5), is not a dismissal under section 871. Section 871.5 specifically references several dismissal statutes, but does not list section 17, subdivision (b)(5) reductions as a basis for the motion. Therefore, such action is not properly the subject of a motion for reinstatement of a felony complaint and appeal No. G028417 is dismissed. Further, section 1238 does not provide for appellate review of the magistrate's order reducing a wobbler felony charge to a misdemeanor pursuant to section 17, subdivision (b)(5). Therefore, appeal No. G028422 is also dismissed.

I

FACTS AND PROCEDURAL HISTORY
Defendant hit James Hundley in the head during a "pick-up" game of basketball. Hundley suffered a fractured skull, bleeding into the brain and coma, and required emergency surgery. When Hundley came out of the coma, he could not recall the details of the incident and may have suffered permanent brain damage.
The district attorney filed a felony complaint alleging one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)) and battery with serious bodily injury (§ 243, subd. (d)). Both offenses are "wobblers," which means they may be prosecuted as either felonies or misdemeanors. The complaint also alleged defendant inflicted serious bodily injury, and had a 1995 conviction for felony assault, a prior serious felony within the meaning of the "Three Strikes" law and section 667.5, subdivision (a), a 1995 conviction for felony false imprisonment, and had served a prior prison term, pursuant to section 667.5, subdivision (b).
At the preliminary hearing, Andrew Chades, a participant in the basketball game, testified to an argument between defendant and Hundley just before the incident. He stated, "They were arguing or discussing something about a call that happened earlier to [another] player." The conversation concluded with defendant asking Hundley, "`If I hacked you up and you woke up [in] a hospital bed, you woke up and yelled "foul," would it still be a foul?'" Hundley responded, `"that wouldn't happen,' and mentioned something about ... he'd get even or get revenge...." Chades noted that defendant "was kind of laughing it off. He didn't seem aggressive or anything like that.... He didn't even seem angry." As Hundley moved down the court with the ball, defendant, who was guarding Hundley, reached around Hundley's body for the ball. Hundley "bent over a little bit trying to ... keep the ball so the defendant couldn't hit it away." Hundley, who was described as the "much taller" player, swung an elbow. Defendant "leaned over and swung around [Hundley] with his left arm," hitting Hundley in the jaw.
Chades could not tell if defendant was attempting to get the ball or "punch" Hundley, but said defendant used a closed fist. Hundley fell "[l]ike a tree," "bounced off the floor[,] ... hit his head on the ground[,] and ... was out cold." Defendant looked at Hundley and "asked him if that was a foul and then kind of walked off, ran to his car." Defendant left the *237 scene before emergency personnel arrived. Chades testified that he was "pretty shocked" by the incident because the games are usually played without violence and defendant did not seem angry. Less than 30 seconds elapsed between the verbal exchange and the hit. Chades said defendant could have been "going for the ball," but "it didn't look like it to [him]."
At the conclusion of the preliminary hearing, defense counsel moved for a dismissal of the charges. The magistrate heard the arguments of both counsel and said, "But if you intend to hack somebody as you go in, intentionally fouling him, trying to get the ball, trying to make a point, trying to back him off, and you cause substantial injury to him, you certainly have a civil liability; but have you committed a crime? What is the issue of intent? That's what I'm looking at the CALJIC for. [¶] And if one or the other of you knows, you can address the issue of whether in an assault you have to have intent to assault.... [¶] ... Sometimes people intentionally commit a foul for one reason or the other, but it doesn't rise to the level of a crime and that's what we're dealing with here."
The court then inquired if the charges were wobbler felonies. Defense counsel responded in the affirmative and asked the court to reduce the charges to misdemeanors. The district attorney objected, pointing to the victim's possible long-term injuries and evidence tending to show defendant intended to punch Hundley. The court responded, "The long-term effects don't define the nature of the crime. The crime is defined by the acts when they occur, not by what the collateral or subsequent effects are as a result of them. There is a rule in the law called the thin-skull plaintiff rule on the civil side that says you may cause tremendous damage to a person that no normal person would but a particular person may have a proclivity or certain weakness that nobody knew about that would cause him to do it. [¶ ] Now, I don't know whether the defendant was going for the ball or not or whether he was going to intentionally foul this guy, maybe even throw a punch. I do know having a daughter who plays in division one soccer that throwing elbows in soccer games is something that happens, intentional fouling, [¶] I do know that it happens in sports, that part of the game is rough play and intentionally taking a foul to try to establish territory and get a player to back off and not try to be aggressive and then score. I also know people get chippy and trash talk in pickup [sic] games in basketball and say things that can escalate that if they were in a bar would get them popped probably with having some alcohol around and might get them popped on the playing field. [¶] But I'm not ready to say that the information I've heard as to how this occurred rises to felony conduct as opposed to somebody who without justification and in totally improper behavior pops somebody. But if that's the way it happened in the course of a sporting event like that, I can't say because the victim suffered significant, substantial injury that that makes it a felony." The court conceded defendant inflicted "substantial" bodily injury, but stated, "I don't know whether it's from the punch or falling down. Clearly, the victim suffered substantial head trauma ... that is clearly substantial injury."
The district attorney asked, "And your honor is aware of his prior history of 245's, 236's[?]" The court responded, "I am aware. I see that. But what counts is what was the conduct he did in the course of this he threw a punch in a sporting event. That's the best the People can say. The best the defense can say is, he was really going for [the] ball. He may have had a closed fist but he was trying to *238 punch it away. [¶] But [do I] think it's felony conduct? No. Do I think he seriously injured somebody? Yes ... Do I think that under the facts of this case that's the appropriate disposition? The answer is yes. [¶] ... [¶] And after considering it and looking at CALJIC and looking at the jury instructions on [section] 245 and the jury instructions on [section] 243 [subdivision] (d)'s and looking at what's involved, I don't believe the felony is the appropriate charge and I think it should be in this case reduced to a misdemeanor."
The reporter's transcript reflects the court stated it would "exercise [its] discretion under [] section 1385[1] and reduce the charges to a misdemeanor." However, the clerk's transcript notes that the court exercised its discretion under section 17, subdivision (b)(5).[2] The court set a date for a misdemeanor trial. Defendant withdrew his not guilty plea and pleaded guilty to the misdemeanor charges at a pretrial hearing.
In the interim, the district attorney filed a motion in superior court to reinstate the felony complaint pursuant to section 871.5, complaining the magistrate abused his discretion by failing to "consider" defendant's prior violent conduct and by failing to adequately articulate its thought process. The superior court denied the motion "on the ground that [ ] section 871.5 does not permit review of an order reducing a felony to a misdemeanor pursuant to [ ] section 17(b)(5)." The district attorney appeals from the magistrate's order reducing the wobbler felonies to misdemeanors and the superior court's order denying the subsequent 871.5 motion.

II

DISCUSSION

Sections 871 & 871.5
The district attorney challenges the superior court's order denying its motion to reinstate felony charges. As noted, the superior court concluded it was without jurisdiction to review the order pursuant *239 to section 871.5 because the felony charges had been reduced to misdemeanors and not dismissed. The district attorney claims the reduction, based on an insufficiency of the evidence, constitutes a dismissal under 871. We disagree.
Section 871 provides: "If, after hearing the proofs, it appears either that no public offense has been committed or that there is not sufficient cause to believe the defendant guilty of a public offense, the magistrate shall order the complaint dismissed and the defendant to be discharged. ..." Section 871.5, subdivision (a) provides: "When an action is dismissed by a magistrate pursuant to Section 859b, 861, 871, 1008, 1381, 1381.5, 1385, 1387, or 1389 of this code or Section 41403 of the Vehicle Code, or a portion thereof is dismissed pursuant to those same sections which may not be charged by information under Section 739, the prosecutor may make a motion in the superior court within 15 days to compel the magistrate to reinstate the complaint or a portion thereof and to reinstate the custodial status of the defendant under the same terms and conditions as when the defendant last appeared before the magistrate." "The only ground for the motion shall be that, as a matter of law, the magistrate erroneously dismissed the action or a portion thereof." (§ 871.5, subd. (b).)
Section 871.5 does not reference section 17, subdivision (b)(5). "`The goal of statutory construction is to ascertain and effectuate the intent of the Legislature.' [Citation.]" (People v. Jefferson (1999) 21 Cal.4th 86, 94, 86 Cal.Rptr.2d 893, 980 P.2d 441.) "`If there is no ambiguity in the language of the statute, "then the Legislature is presumed to have meant what it said, and the plain meaning of the language governs." [Citation.] "Where the statute is clear, courts will not `interpret away clear language in favor of an ambiguity that does not exist.' [Citation.]"' [Citation.]" (People v. Loeun (1997) 17 Cal.4th 1, 9, 69 Cal.Rptr.2d 776, 947 P.2d 1313.) With precision, the Legislature prescribed speedy review by the superior court of dismissals made pursuant to specified statutes. (People v. Dethloff (1992) 9 Cal.App.4th 620, 624, 11 Cal. Rptr.2d 814.)
Defendant urges this point, and relying on People v. Hanley (1992) 4 Cal.App.4th 340, 5 Cal.Rptr.2d 643, contends the district attorney could not use the section 871.5 motion procedure to compel superior court review, and the superior court correctly found that it lacked jurisdiction to rule on the motion. In Hanley, the defendant was charged with driving under the influence of drugs and/or alcohol (Veh. Code, § 23152, subd. (a)) and driving with .08 percent alcohol in his blood (Veh.Code, § 23152, subd. (b)). The prosecution also alleged three prior convictions within the previous seven years, which made the current offense a wobbler. (Veh. Code, § 23550.) A magistrate granted the defendant's motion to strike one of the prior conviction allegations, and declared the charges to be misdemeanors as a matter of law. The prosecution moved for reinstatement of the felony charges under section 871.5 and appealed the superior court's order denying the motion for lack of jurisdiction.
The appellate court began with the following recitation of the legislative purpose behind section 871.5. "The Legislature enacted [section 871.5] effective January 1, 1981, to provide for superior court review of dismissals of criminal actions by magistrates under certain circumstances set forth in sections 859b, 861, 871 and 1385, as concurrently amended. (Stats.1980, ch. 938, § 4, p. 2966.) The purpose of these amendments is to overcome the holding of our Supreme Court in People v. Peters *240 (1978) 21 Cal.3d 749,147 Cal.Rptr. 646, 581 P.2d 651 which construed the former language of those sections as authorizing `courts' but not `magistrates' to dismiss actions. (Chism v. Superior Court (1981) 123 Cal.App.3d 1053, 1061, 176 Cal.Rptr. 909.) Empowering magistrates to dismiss required concurrent prosecutorial authority to seek immediate superior court review of such dismissals so that successive dismissals by magistrates would not bar refiling under section 1387 as amended. (Ibid.; see Legis. Counsel's Dig., Assem. Bill No. 2383, 4 Stats. 1980 (Reg.Sess.) Summary Dig., p. 283)" (People v. Hanley, supra, 4 Cal.App.4th at p. 343, 5 Cal. Rptr.2d 643 fns. omitted; see also People v. Salzman (1982) 131 Cal.App.3d 676, 682, 182 Cal.Rptr. 748.)[3]
Although the magistrate had failed to articulate a specific statutory basis for the dismissal, the People contended the magistrate impliedly invoked section 1385, thus triggering superior court review under section 871.5. The appellate court disagreed, finding instead that the magistrate had relied upon Vehicle Code section 41403[4] in striking the prior conviction. (People v. Hanley, supra, 4 Cal.App.4th at p. 344, 5 Cal.Rptr.2d 643.) It further concluded the omission of Vehicle Code section 41403 from section 871.5's list of enumerated dismissal statutes precluded the People from obtaining superior court review. (Id. at p. 345, 5 Cal.Rptr.2d 643.) The Hanley court held, "In our view the plain language of 871.5 evidences an intent to permit superior court review of dismissal orders by magistrates when a complaint has been dismissed pursuant to specifically enumerated statutory authority, i.e., sections 859b, 861, 871, 1008, 1381, 1381.5, 1385, 1387 or 1389. Vehicle Code section 41403 does not appear in this listing. Why should we add it?" (Ibid.) In 1993, the Legislature did what the court declined to do and amended section 871.5 to add Vehicle Code section 41403 to the list of referenced code sections. (Stats.1993, ch. 542, § 1, p. 2743.)
The Legislature's response to Hanley supports defendant's argument. Generally, the rules of statutory construction forbid us from adding to, or subtracting from, the plain language used by the Legislature in enacting penal laws to determine its intent. (People v. Snook (1997) 16 Cal.4th 1210, 1215, 69 Cal.Rptr.2d 615, 947 P.2d 808.) However, the district attorney, relying on several cases, which we discuss below, contends that the legislative purpose of section 871 is best served by construing section 17, subdivision (b)(5) reductions as dismissals.
In Vlick v. Superior Court (1982) 128 Cal.App.3d 992, 180 Cal.Rptr. 742, the defendants were charged with three counts of receiving stolen property and one count of possession for sale of heroin. The defendants moved to quash two search warrants, and the matter was heard before the preliminary examination. The magistrate granted the defendants' motion to suppress evidence. The prosecutor advised the court that he was unable to proceed, and the magistrate dismissed the complaint pursuant to section 871. The People filed a successful section 871.5 motion to reinstate the felony charges in superior court. The defendants then filed a section 995 motion to dismiss, contending the superior court exceeded its jurisdiction by hearing the People's section 871.5 motion. *241 Defendants argued section 1538.5 provided the sole remedy for the granting of a motion to suppress. The Legislature did not amend section 1538.5 when it enacted section 871.5, and defendants argued this meant the People were precluded from using section 871.5 to seek review by the superior court. The appellate court disagreed.
"We do not perceive the issue here, as framed by petitioners, to be whether or not section 871.5, [] can be used by the People to review an adverse section 1538.5 ruling by a magistrate. The real issue is whether section 871.5 was intended by the Legislature to be used by the People for a superior court review of an erroneous dismissal by a magistrate arising out of the magistrate's ruling as a matter of law on any motion. A reasonable commonsense construction of section 871.5 with reference to the whole system of criminal law of which it is a part [citation] in accordance with the clear purpose of the statute and intent of the lawmakers [citation], leads us to the conclusion that it was." (Vlick v. Superior Court, supra, 128 Cal.App.3d at p. 998,180 Cal.Rptr. 742.)
The Vlick court relied on the legislative purpose of the statute, noting that "the addition of section 871.5 to the Penal Code by AB 2383 in 1980 has special significance because it reflects legislative consideration of a comprehensive method of disposing of issues of law upon which a magistrate's dismissal of a felony complaint is based which when used by the People precludes them from refiling. The element of finality built into this statutory procedure was intended as a protection to the defendant, and advances the stated purpose of AB 2383 to decrease the number of refiled felony complaints not only by authorizing the magistrate to dismiss a felony complaint but by allowing him to order a dismissal that serves as an effective bar to further prosecution. [Citation.] Having thus limited the People's action in this regard the Legislature devised a method by which they could obtain speedy review by the superior court of a dismissal by the magistrate based upon a legal ruling. Second, the language of section 871.5, [ ] does not specify the kind of magistrate's dismissal to be reviewed by the superior court or how the dismissal must come about or the kind of motion that must give rise to the legal ruling on which the order of dismissal is based; the only limitation on review is the ground upon which the People's challenge must be based, i.e., `as a matter of law, the magistrate erroneously dismissed the action....' [Citation.]" (Id. at pp. 998-999,180 Cal.Rptr. 742.)
The court concluded, "dismissal of a complaint by a magistrate based upon a ruling on legal grounds on any motion properly before and decided by the magistrate is subject to review by the superior court on motion by the People on the ground that, `as a matter of law, the magistrate erroneously dismissed the action,' and that this procedure is consistent with and in furtherance of the stated purpose of AB 2383 and the intent of the Legislature in enacting it. Having allowed the magistrate to dismiss a felony complaint which dismissal serves as an effective bar to further prosecution, the Legislature provided a means by which the People could obtain immediate review of a magistrate's dismissal if it was based on an issue of law decided by him in ruling on any motion properly before him. This procedure is fair to both the defendant and the People in that defendant is relieved from repeated filings and the People are afforded an avenue for overturning the magistrate's dismissals erroneous as a matter of law." (Vlick v. Superior Court, supra, 128 Cal. App.3d at p. 999,180 Cal.Rptr. 742.)
*242 The court in People v. Salzman, supra, 131 Cal.App.3d 676, 182 Cal.Rptr. 748 came to the same conclusion: "Defendant contends that section 871.5 is not available in cases where, as here, the dismissal at preliminary hearing is precipitated by the grant of a motion to suppress pursuant to [ ] section 1538.5. He argues that section 1538.5 was `intended to be an all-encompassing statute' and that since section 1538.5 makes no provisions for the People to appeal the grant of a motion to suppress by a magistrate in a felony case where a defendant is not held to answer, this case must be dismissed. [¶] An identical contention was urged and rejected in Vlick v. Superior Court (1982) 128 Cal.App.3d 992, 180 Cal.Rptr. 742. In an opinion with which we agree, the Court of Appeal for the Second District held that `... section 871.5 was intended by the Legislature to be used by the People for a superior court review of an erroneous dismissal by a magistrate arising out of the magistrate's ruling as a matter of law on any motion,' including a suppression motion under section 1538.5. [Citation.] We also conclude, therefore, that the People were entitled to a superior court review of the magistrate's dismissal order and to appeal that court's denial of the prosecutor's motion to reinstate the complaint." (Id. at p. 683, 182 Cal.Rptr. 748.)
The district attorney contends other courts have approved of the Vlick court's "reasoning," citing People v. Matelski (2000) 82 Cal.App.4th 837, 98 Cal.Rptr.2d 543 and People v. Childs (1991) 226 Cal. App.3d 1397, 277 Cal.Rptr. 456. It would be more accurate to say these cases approved of the holding in Vlick. (People v. Matelski (2000) 82 Cal.App.4th at pp. 845-846, 98 Cal.Rptr.2d 543 [the section 871.5 motion to reinstate lies to review dismissals following successful motions to suppress]; People v. Childs, supra, 226 Cal. App.3d at p. 1406, 277 Cal.Rptr. 456 [same].) The holding is of limited value here since we are not faced with a dismissal, let alone a dismissal following a successful motion to suppress. Nevertheless, the district attorney contends the reasoning of Vlick should be applied to the instant case and points us to three additional cases where the reviewing court determined a dismissal had occurred under similar circumstances.
In People v. McKee (1968) 267 Cal. App.2d 509, 73 Cal.Rptr. 112, a case not directly dealing with sections 871.5 or 17, subdivision (b)(5), the defendant was charged with first degree murder. At the conclusion of the preliminary hearing, the magistrate held the defendant to answer to a charge of involuntary manslaughter. The People filed an information in superior court, charging defendant with first degree murder. The defendant filed a section 995 motion to dismiss the information. The superior court did not directly rule on defendant's motion, but ordered the People to file an amended information alleging involuntary manslaughter. The People appealed from this order.
The appellate court resolved what it perceived as a jurisdictional question: "whether an order merely directing the district attorney to file an information charging a lesser or different offense is also appealable under [section 1238] or any other section of the Penal Code." (People v. McKee, supra, 267 Cal.App.2d at p. 513, 73 Cal.Rptr. 112.) The court concluded, "the court's order was for all intents and purposes a dismissal of the murder charge and should be so treated in this appeal. The court directed the district attorney to file an amended information charging [the defendant] with involuntary manslaughter after stating that there was not sufficient evidence to hold [the defendant] on a murder charge. Thus, the court's failure to dismiss the murder charge in so many *243 words was an oversight which we may safely ignore." (Ibid., fn. omitted.) The appellate court decided the superior court's order could be appealed under section 1238, which provides for appellate review of orders dismissing an information. (Ibid.; § 1238, subd. (a)(8).)
The district attorney seizes on the appellate court's observation that "the court's order was for all intents and purposes a dismissal of the murder charge" to argue that anything that precludes the People from prosecuting a charged felony may be classified as a dismissal for purposes of appellate or superior court review. We are thus far not persuaded. However, the district attorney contends this argument is bolstered by the analysis of two additional cases.
In People v. Booker (1994) 21 Cal. App.4th 1517, 26 Cal.Rptr.2d 715, two defendants, in unrelated prosecutions, were charged by information in the superior court with felony violations of the Unemployment Insurance Code. They waived preliminary hearing, failed to demurrer to the complaint, and did not seek reduction of the charges pursuant to section 17, subdivision (b). Instead, the defendants filed a joint "`Motion to Declare the Charged Crime to be a Misdemeanor.'" (Id. at p. 1520, 26 Cal.Rptr.2d 715.) The trial court granted the motion and the prosecution filed an appeal, pursuant to section 1238, and a petition for writ of mandate. The appellate court reversed the trial court's orders.
Relying on People v. McKee, supra, 267 Cal.App.2d 509, 73 Cal.Rptr. 112, the court held: "The trial court's decrees that the charged offenses must be prosecuted as misdemeanors were tantamount to dismissal of the felony charges against the defendants ... and, accordingly, may be appealed by the People. [Citation.]" (People v. Booker, supra, 21 Cal.App.4th at p. 1521, 26 Cal.Rptr.2d 715.) The court further found, without discussion, that the People could appeal the court's order under section 1238, subdivisions (a)(1) and (8). (Id at p. 1520, 26 Cal.Rptr.2d 715.)
In People v. Superior Court (Feinstein) (1994) 29 Cal.App.4th 323, 34 Cal.Rptr.2d 503, a magistrate purported to reduce a wobbler felony sexual battery charge, to a misdemeanor battery under section 242, and a non-wobbler, "straight" felony false imprisonment by violence, menace, fraud or deceit charge, to misdemeanor false imprisonment. The People filed a motion pursuant to section 871.5 for review by the superior court. The superior court denied the motion, and the People filed a petition for writ of mandate with the Court of Appeal.
The Court of Appeal first concluded that the magistrate did not have authority under section 17, subdivision (b)(5), to reduce the wobbler felony sexual battery to a simple battery, or reduce the straight felony false imprisonment by violence, menace, fraud, or deceit to a misdemeanor. (People v. Superior Court (Feinstein), supra, 29 Cal.App.4th at pp. 329-330, 34 Cal.Rptr.2d 503.) The court went on to ask a straightforward question: "Since the magistrate lacked the power to reduce the charges, what was the effect of her order that purported to do so?" (Id at p. 331, 34 Cal.Rptr.2d 503.) The remainder of the court's discussion explains its reasons for deciding the order was a dismissal under section 871 and properly the subject of a motion under section 871.5.
First, the court asserted, "if the magistrate concludes the evidence is insufficient to hold the defendant for trial in the superior court as charged, he or she must dismiss the complaint pursuant to section 871. [Citation.]" (People v. Superior Court (Feinstein), supra, 29 Cal.App.4th at pp. 332, 34 Cal.Rptr.2d 503, fn. omitted.) Relying *244 on the holding in Booker, the Feinstein court continued, "Where the [magistrate's] order precludes the prosecutor from proceeding to trial on the felony offenses originally charged, it must be construed as a dismissal within the meaning of section 871. As we have seen, the effect of the magistrate's order as to both counts of the complaint was to preclude the prosecution of defendant on felony charges because the evidence of the felonies was insufficient. We are satisfied that this order constitutes a dismissal within the meaning of section 871." (Id at p. 332, 34 Cal. Rptr.2d 503.)
The People interpret the holdings in Feinstein, Booker, and McKee as meaning any order by a magistrate that forces the prosecution to proceed on misdemeanor charges when felony charges were filed constitutes a dismissal of the felony charges under section 871. We cannot agree with such a broad interpretation. There is a fundamental difference between a court acting in excess of its jurisdiction and one properly exercising the authority granted by statute. "An act in excess of jurisdiction refers to `a case where, though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' [Citation.]" (People v. Mendez (1991) 234 Cal.App.3d 1773, 1781-1782, 286 Cal.Rptr. 216.) Such acts are voidable. (Id at p. 1781, 286 Cal.Rptr. 216.) By contrast, a discretionary act within statutory guidelines is subject to review under the deferential abuse of discretion standard. (9 Witkin, Cal. Procedure (4th. Ed.1997) Appeal, § 356, pp. 404-405; see also People v. Superior Court (Alvarez) (1997) 14 Cal.4th 968, 977, 60 Cal.Rptr.2d 93, 928 P.2d 1171 [a court's decision to reduce wobbler felony charges at sentencing subject to abuse of discretion standard].)
In Feinstein, neither of the charged offenses was a wobbler as to which the reduced crime was its misdemeanor counterpart. The appellate court deemed the action a dismissal, concluding the lower court's order could not be characterized as anything else, including an action under section 17, subdivision (b)(5). (People v. Superior Court (Feinstein), supra, 29 Cal.App.4th at p. 332, 34 Cal.Rptr.2d 503; 4 Witkin & Epstein, Cal.Criminal Law (3d ed. 2000) Pretrial Proceedings, § 152, p. 355.) In Booker, a superior court judge reduced felony charges prior to a judgment or the imposition of sentence, something not authorized by section 17, subdivision (b). Again, the lower court's unauthorized action forced the appellate court to construe the resulting order as a dismissal in order to resolve the issue presented. (People v. Booker, supra, 21 Cal.App.4th at p. 1521, 26 Cal.Rptr.2d 715) In McKee, the superior court ordered the district attorney to file a particular criminal charge. Once more, an appellate court was forced to characterize the unauthorized order by its ultimate effect. (People v. McKee, supra, 267 Cal. App.2d at p. 513, 73 Cal.Rptr. 112.) In each instance, the trial court acted without statutory authority, thus compelling the reviewing court to take remedial action.
In this case, whatever the merits of the magistrate's order, he acted within the authority granted by section 17, subdivision (b)(5). There is no cause to characterize the order as something it is not. And, when something is "tantamount to," or has "the effect of," something else, it is not the something else. The magistrate did not "order the complaint dismissed" due to insufficient evidence "to believe the defendant *245 guilty of a public offense." The magistrate found sufficient evidence of a public offense, just not a felony offense as charged in the complaint. Acting within the broad authority granted under section 17, subdivision (b)(5), the magistrate reduced two wobbler felonies to misdemeanors. There was no dismissal. Indeed, the prosecution proceeded on the same complaint, as provided by statute, and defendant entered a guilty plea.
The district attorney's proposed procedure for review of a magistrate's order reducing a felony is attractive in its efficient use of public resources, but we are not at liberty to ignore the plain language of a statute under the guise of judicial economy. A magistrate's order reducing a wobbler felony to a misdemeanor pursuant to section 17, subdivision (b)(5) is simply not a dismissal under section 871. Further, section 17, subdivision (b) was amended to include subdivisions (b)(4) and (5) in 1969. (Stats.1969, ch. 1144, § 1, p. 2214.) We presume the Legislature was aware of the authority granted magistrates by section 17, subdivision (b)(5) when it enacted section 871.5 in 1980. (People v. Hernandez (1988) 46 Cal.3d 194, 201, 249 Cal.Rptr. 850, 757 P.2d 1013, disapproved on another point in People v. King (1993) 5 Cal.4th 59, 78, fn. 5, 19 Cal.Rptr.2d 233, 851 P.2d 27; People v. Jimenez (2000) 80 Cal.App.4th 286, 291, 94 Cal.Rptr.2d 884.) Had
 the Legislature wished to add section 17, subdivision (b) to the list of dismissal statutes, it has had ample opportunity to do so.
We do note that in one case a defendant who claimed the magistrate failed to properly exercise its discretion under section 17, subdivision (b)(5) was entitled to superior court review under section 995. (Jackson v. Superior Court (1980) 110 Cal.App.3d 174, 177, 167 Cal. Rptr. 749.) Under such circumstances, it seems fair to also provide for superior court review by the People of an alleged misapplication of section 17, subdivision (b)(5). However, when statutory language is clear and unambiguous, as it is here, we are not at liberty to interpret that language to assuage our sense of fairness and judicial economy. (In re Antonio F. (2002) 98 Cal.App.4th 1227, 1231, 120 Cal.Rptr.2d 325 ["The mere fact we do not see the wisdom of the statute isstrictly speakingirrelevant. As written, the statute makes a distinction, and deciding whether that distinction is a good idea is the role of the Legislature; ours is simply to determine whether they meant to make such a distinction." (Italics omitted.) ].) Although our holding may be abrogated by a statutory amendment, we are content to leave the lawmaking to the Legislature. (See People v. Hanley, supra, 4 Cal.App.4th at pp. 345-346, 5 Cal.Rptr.2d 643.) The appeal from the superior court's order denying the district attorney's motion for reinstatement of the felony complaint (G028417) is dismissed.

Section 1238
The People also appealed from the magistrate's order. "The right to appeal from an order or judgment in a criminal case is purely statutory; no appeal by the People is proper unless expressly permitted by the Penal Code." (People v. Hale (1965) 232 Cal.App.2d 112, 125, 42 Cal. Rptr. 533; see also People v. Douglas (1999) 20 Cal.4th 85, 89, 82 Cal.Rptr.2d 816, 972 P.2d 151.) "The restriction on the People's right to appeal is not merely a procedural limitation allocating appellate review between direct appeals and extraordinary writs but is a substantive limitation on review of trial court determinations in criminal trials. [Citations.]" (People v. Superior Court (1968) 69 Cal.2d 491, 498, 72 Cal.Rptr. 330, 446 P.2d 138; People v. *246 Samples (2002) 104 Cal.App.4th 76, 81, 128 Cal.Rptr.2d 1.)
Section 1238 governs the People's right of appeal in felony cases.[5] In pertinent part, section 1238 provides: "(a) An appeal may be taken by the people from any of the following: [¶] (1) An order setting aside all or any portion of the indictment, information, or complaint. [¶] (2) An order sustaining a demurrer to all or any portion of the indictment, accusation, or information. [¶] (3) An order granting a new trial. [¶] (4) An order arresting judgment, [¶] (5) An order made after judgment, affecting the substantial rights of the people. [¶1] (6) An order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense. [¶] (7) An order dismissing a case prior to trial made upon motion of the court pursuant to Section 1385 whenever such order is based upon an order granting the defendant's motion to return or suppress property or evidence made at a special hearing as provided in this code. [¶] (8) An order or judgment dismissing or otherwise terminating all or any portion of the action including such an order or judgment after a verdict or finding of guilty or an order or judgment entered before the defendant has been placed in jeopardy or where the defendant has waived jeopardy. [¶] (9) An order denying the motion of the people to reinstate the complaint or a portion thereof pursuant to Section 871.5.[¶] (10) The imposition of an unlawful sentence, whether or not the court suspends the execution of the sentence, except that portion of a sentence imposing a prison term which is based upon a court's choice that a term of imprisonment (A) be the upper, middle, or lower term, unless the term selected is not set forth in an applicable statute, or (B) be consecutive or concurrent to another term of imprisonment, unless an applicable statute requires that the term be consecutive. As used in this paragraph, `unlawful sentence' means the imposition of a sentence not authorized by law or the imposition of a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction."
The Legislature did not expressly provide for appellate review of orders reducing wobblers to misdemeanors at or before the preliminary hearing. The People's notice of appeal from the magistrate's order cited section 1238, subdivisions (a)(1) and (8) as the authorization for the appeal, relying on Booker. (People v. Booker, supra, 21 Cal.App.4th at pp. 1520-1521, 26 Cal.Rptr.2d 715.) However, the district attorney fails to cite, and we have not uncovered, a single case that squarely holds a magistrate's proper exercise of the judicial authority granted under section 17, subdivision (b)(5) is appealable pursuant to section 1238 if not construed as a dismissal. Further, we have concluded Booker is inapplicable because we are not dealing with an act in excess of statutory authority that is tantamount to a dismissal of felony charges. Defendant does not address the issue. Instead, defendant focuses on the district attorney's reliance on section 1238, subdivision (a)(9) in the companion case. Of course, this is of little assistance since subdivision (a)(9) refers specifically to appeals from superior court orders made pursuant to section 871.5. With no other cited authority, we are left with the statutory language of section 1238.
Of the various subdivisions of section 1238, subdivisions (a)(1) and (8) are the *247 most likely to provide for appellate review of a magistrate's proper exercise of its discretions pursuant to section 17, subdivision (b)(5). Subdivision (a)(1) refers to "An order setting aside all or any portion of the indictment, information, or complaint." Subdivision (a)(8) provides for appellate review of "An order or judgment dismissing or otherwise terminating all or any portion of the action including such an order or judgment after a verdict or finding of guilty or an order or judgment entered before the defendant has been placed in jeopardy or where the defendant has waived jeopardy." However, neither subdivision specifically, or even indirectly, refers to a magistrate's order reducing a felony to a misdemeanor during or before the preliminary hearing, nor are either of these subdivisions readily susceptible of such an interpretation. We are again constrained by the rules of statutory construction and the strict limitations on the People's right to appeal. We are not at liberty to insert a square peg into one of the round holes provided by section 1238.
We invited the parties to address the recent Supreme Court case of People v. Statum (2002) 28 Cal.4th 682, 122 Cal. Rptr.2d 572, 50 P.3d 355. In Statum, the defendant was convicted of evading a police officer while driving in a willful and wanton manner (Veh.Code, § 2800.2), a wobbler felony. At sentencing, the trial court unexpectedly and without a request from the defense, reduced the conviction to a misdemeanor and granted probation. According to the Supreme Court, "[t]he apparent basis for the court's change of heart was its assessment of `the actual driving' by defendant, without reference to the officer's `conjectural' and `conclusionary' statements and without consideration of *what the man's record is.' [Citation.]" (People v. Statum, supra, 28 Cal.4th at p. 686, 122 Cal.Rptr.2d 572, 50 P.3d 355.) The prosecutor objected and filed an appeal, arguing the sentencing court had abused its discretion. The People relied on section 1238, subdivision (a)(10), which provides for an appeal from the imposition of "an unlawful sentence," defined as "a sentence not authorized by law" or "a sentence based upon an unlawful order of the court which strikes or otherwise modifies the effect of an enhancement or prior conviction." In a petition for rehearing, the People sought to rely on section 1238, subdivision (a)(6), which allows an appeal of "An order modifying the verdict or finding by reducing the degree of the offense or the punishment imposed or modifying the offense to a lesser offense." The Court of Appeal dismissed the appeal, finding no basis for the People's characterization of the sentence as unauthorized, and it denied the petition for rehearing without comment. The Supreme Court granted review and reversed.
The Supreme Court reviewed three recent cases where it concluded that the People may obtain appellate review of a sentencing court's exercise of discretion under section 17, subdivisions (b)(1) and (3). (People v. Statum, supra, 28 Cal.4th at pp. 687-688, 122 Cal.Rptr.2d 572, 50 P.3d 355; § 17, subd. (b)(1) ["After a judgment imposing a punishment other than imprisonment in the state prison."], (b)(3) ["When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."].) The Supreme Court noted that case law had "consistently" treated the misdemeanor as a lesser offense of the felony wobbler. (Id. at p. 689, 122 Cal.Rptr.2d 572, 50 P.3d 355.) Thus, the lower court's order was appealable under section 1238, subdivision (a)(6) as "[a]n order modifying the verdict or finding by reducing the degree of the *248 offense or the punishment imposed or modifying the offense to a lesser offense." (Id. at pp. 688, 692, 122 Cal.Rptr.2d 572, 50 P.3d 355.)
Of particular note is the following passage: "As stated above, the People may seek review by writ under section 1238, subdivision (d) when a trial court declares the wobbler offense to be a misdemeanor and grants probation, and may additionally file an appeal under section 1238, subdivision (a)(5) when the trial court declares the wobbler to be a misdemeanor after suspending the imposition of judgment and granting probation. By applying the plain meaning of the statutory language, the People will also be able to appeal when the trial court declares the wobbler to be a misdemeanor and, instead of granting probation, orders the defendant to serve time in jail or pay a fine. Neither defendant nor the dissenting opinion has explained why the Legislature would have wanted to allow an appeal in one circumstance but not the other. [Citation.]" (People v. Statum, supra, 28 Cal.4th at p. 692, 122 Cal. Rptr.2d 572, 50 P.3d 355.)
Is it possible the Legislature meant to preclude appellate review of a magistrate's order reducing a felony wobbler to a misdemeanor pursuant to section 17, subdivision (b)(5)? For the reasons stated above, we think the answer is yes. There is a difference between a magistrate reducing a wobbler felony on the basis of preliminary hearing testimony, or on request of one of the parties before the preliminary hearing, and a sentencing court selecting a misdemeanor punishment on the basis of other information that would not have been available to the magistrate. The parties essentially conceded the issue by acknowledging that Statum is inapplicable to the case before us.
Further, the statutory purpose of section 17, subdivision (b)(5) is "`the un-burdening of the superior courts from cases that were likely to result in no more than misdemeanor penalties, the consequent more expeditious handling of such cases, the encouragement of guilty pleas by defendants who could know in advance that no penalty could be imposed more severe than a jail sentence or a fine, and the consequent saving of time to municipal courts by the elimination of some preliminary hearings.' [Citation.]" (People v. Ayala (1973) 34 Cal.App.3d 360, 365, 109 Cal.Rptr. 193, quoting Henry v. Department of Motor Vehicles (1972) 25 Cal. App.3d 649, 102 Cal.Rptr. 36.) We believe these objectives are best served by a strict construction of section 1238.
In the absence of statutory authority, or pertinent case law finding a magistrate's order reducing a wobbler felony to a misdemeanor pursuant to section 17, subdivision (b)(5) appealable to this court, we conclude this remedy is not available to the People. The appeal from the magistrate's order reducing the felony wobblers to misdemeanors (G028422) is dismissed.

III

DISPOSITION
The appeals in case numbers G028417 and G028422 are dismissed.
I CONCUR: RYLAARSDAM, Acting P.J.
BEDSWORTH, J., dissenting.
I respectfully dissent. I believe this case is factually indistinguishable from People v. Superior Court (Feinstein) (1994) 29 Cal.App.4th 323, 34 Cal.Rptr.2d 503, and I am convinced by the reasoning set forth in that opinion.
*249 My colleagues have adopted the defense argument that Feinstein is distinguishable because the order in this case was not made in excess of the magistrate's jurisdiction. I can see this as a distinction, but why it would make a difference is apparently a point too subtle for me to grasp. The jurisdictional issue must always be ultimately decided upon review. And it is inconceivable to me that the Legislature intended to put into effect a system in which the People's right to review depends upon whether the magistrate's action is subsequently determined to have exceeded his or her jurisdiction or merely abused his or her discretion. (Cf. People v. Booker (1994) 21 Cal.App.4th 1517, 26 Cal.Rptr.2d 715 [court reduced charges to lesser included offenses, even though it did not explicitly invoke Penal Code section 17(b)(5); right to appeal found].)
For me, the determinative fact is found in this observation in Feinstein, "The significant issue in both Booker and in this case is the ultimate effect of the order under review. Where the order precludes the prosecutor from proceeding to trial on the felony offenses originally charged, it must be construed as a dismissal within the meaning of [Penal Code] section 871. As we have seen, the effect of the magistrate's order ... was to preclude the prosecution of defendant on felony charges because the evidence of the felonies was insufficient. We are satisfied that this order constitutes a dismissal within the meaning of [Penal Code] section 871." (People v. Superior Court (Feinstein), supra, 29 Cal.App.4th at p. 332, 34 Cal.Rptr.2d 503.) So am I.
The majority are correct that there are no cases directly on point. Nonetheless, I am inclined to accept what I take to be the Feinstein and Booker courts' conclusion that a felony which is shot is no less dead than a felony which is beaten to death, and there is no reason to believe the Legislature intended their corpses to be handled differently. Since I do not flatter myself that I can improve upon Feinstein's exposition of the issue, I will limit myself to adopting that opinion and expressing admiration for my colleagues' restraint, but disagreement with their analysis.
NOTES
[1] Section 1385 provides, in pertinent part: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading." (§ 1385, subd. (a).) The district attorney does not contend the magistrate acted pursuant to section 1385 and we do not address any issue raised by the inconsistency in the record.
[2] Section 17, subdivision (b) provides: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] (1) After a judgment imposing a punishment other than imprisonment in the state prison, [¶] (2) When the court, upon committing the defendant to the Youth Authority, designates the offense to be a misdemeanor. [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor. [¶] (4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless the defendant at the time of his or her arraignment or plea objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint. [¶] (5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint." (Italics added.)
[3] Section 871.5 was amended in 1982 to add sections 1008, 1381, 1381.5, 1385, 1387, and 1389 to the list of enumerated dismissal statutes. (Stats. 1982, ch. 671, § 1, p. 2740.)
[4] Vehicle Code section 41403 sets forth a procedure for challenging the constitutionality of prior convictions for certain specified Vehicle Code violations.
[5] The parties do not raise, and we therefore do not address, the possible application of section 1466, which provides for appeals to the appellate department of the superior court in misdemeanor and infraction cases.